UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **DANNIE KEDRICK, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No.: 13-2237-CSB-DGB |
| | ) |
| | ) |
| **CORRECTIONAL OFFICER GORDON,** | ) |
| **CORRECTIONAL OFFICER POPE,** | ) |
| **MICHAEL DOWNEY, and** | ) |
| **CHAD KOLITWENZEW,** | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW OPINION

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Dannie Kendrick Jr.'s claims.

**I.
MERIT REVIEW UNDER 28 U.S.C. § 1915(A)**

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed *in forma pauperis*. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that

1

is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Kendrick is a pre-trial detainee currently located at the Jerome Combs Detention Center. At all relevant times, Kendrick was housed in Max D-Cell 5 at the Jerome Combs Detention Center. Kendrick has filed this suit under 42 U.S.C. § 1983 against correctional officers and supervisors at the Jerome Combs Detention Center for allegedly violating his Eighth and Fourteenth Amendment rights.

Specifically, Kendrick complains that Defendants were aware that the showers located near his cell leaked, but they did nothing to fix the showers. Kendrick alleges that on November 2, 2012, he slipped on water that had leaked from the shower into his cell. Kendrick states that, as a result of his fall, he injured his lip and that his injury required him to receive stitches at a local hospital. Despite the faulty showers (that Defendants had not fixed) and despite his injury as a result of the faulty showers, Kendrick asserts that Defendants placed him back into the same

cell after he received stitches at the local hospital. Accordingly, Kendrick seeks monetary damages and injunctive relief from Defendants.

Because Kendrick is a pre-trial detainee, his claim—to the extent that he possesses one—arises under the Fourteenth Amendment. Ultimately, this is a distinction without much of a difference. *Smith v. Sangamon County Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013). As the Seventh Circuit has explained, the "Fourteenth Amendment right to due process affords pretrial detainees at least as much, and probably more, protection against punishment as does the Eighth Amendment's ban on cruel and unusual punishment." *Carr v. Beth*, 2012 WL 719695, * 2 (7th Cir. Mar. 7, 2012)(citing cases).

"The Eighth Amendment's prohibition against cruel and unusual punishment requires that prison officials 'take reasonable measures to guarantee the safety of the inmates.' Therefore, those charged with the high responsibility of running prisons are required, as a matter of constitutionally imposed duty, to 'protect prisoners from violence at the hands of other prisoners.'" *Santiago v. Walls*, 599 F.3d 749, 758 (7th Cir. 2010)(quoting *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)).

However, prison officials only have a duty to protect inmates from known dangers. *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002). "[T]he duty is violated only by deliberate indifference to a known substantial risk. Prison and jail officials' [are] not . . . required to guarantee the detainee's safety. The existence or possibility of other better policies which might have been used does not necessarily mean that the defendant was being deliberately indifferent." *Smith*, 715 F.3d at 191 (quoting *Franke v. City of Chicago*, 210 F.3d 779, 782 (7th Cir. 2000)).

Accordingly, "in order to state a section 1983 claim against prison officials for failure to protect, [Kendrick] must establish: (1) that he was incarcerated under conditions posing a

substantial risk of harm and (2) that the defendants acted with deliberate indifference to his health or safety." *Santiago*, 599 F.3d at 756.  Mere negligence or inadvertence is not enough. *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006); *Eddmonds v. Walker*, 2009 WL 761103, * 2 (7th Cir. Mar. 24, 2009).  Likewise, a general risk of violence in the prison setting does not, by itself, establish knowledge of a substantial risk of harm. *Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011).

In the instant case, the Court finds that Kendrick's Complaint fails to state a constitutional claim upon which relief can be granted.  The only arguable claim that Kendrick has stated would be one for failure to protect him.  However, slipping on water that Kendrick has admitted that he knew was present is not the stuff of which a finding of deliberate indifference can be based.  By necessity, Kendrick would have had to have known about the shower water leaking into or around his cell for him to have reported it to Defendants and for him to have filed grievances about the situation.  Thus, while Defendants may have been negligent in failing to timely repair the shower and stop the leak, the Court does not believe that they can be said to have been deliberately indifferent to a situation that even Kendrick knew about and could have avoided.

Even assuming, *arguendo*, that Defendants could be said to have been deliberately indifferent under these circumstances, Kendrick's Complaint fails to state a cause of action because he has not alleged a substantial risk that resulted in a serious injury.  The Court does not deny that receiving stitches in his lip was painful and uncomfortable.  However, in a constitutional sense, the Court believes leaking water was not a substantial risk to Kendrick, and it further finds that Kendrick's injury to be *de minimis* and insufficient to survive the Court's merit review. *Sanders v. Noonan*, 2008 WL 6113380, * (D.S.C. Mar, 4, 2008)(dismissing the

claim because the plaintiff's hand injury is clearly shown in the medical evidence to have been, at best, *de minimis* . . . ."); *Thaddeus-X v. Wozniaki*, 2000 WL712383, * 3 (6th Cir. May 23, 2000)(holding that a plaintiff must show that he suffered more than a *de minimis* injury); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999)(holding that without proof of more than *de minimis* physical injury, the plaintiff cannot maintain his claim).

**IT IS, THEREFORE, ORDERED that:**

**1.    Plaintiff Dannie Kendrick Jr.'s Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.  Any further amendment to the Complaint would be futile because Plaintiff's claim is not cognizable.**

**2.    This dismissal shall count as one of Plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).**

**3.    Plaintiff must still pay the full docketing fee even though his case has been dismissed.  The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of the Court as directed in the Court's prior Order.**

**4.    If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.**

**5.    This case is, therefore, closed, and the clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58.  The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

Entered this 12th day of March 2014.

                                                       /s Colin S. Bruce  
                                                               COLIN S. BRUCE  
                                              UNITED STATES DISTRICT JUDGE